FILED
JUL -1 2013
USDC WP SDNY

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BAIS YAAKOV OF SPRING VALLEY, on behalf of
itself and all others similarly situated,

           Plaintiff,

-vs.-

RICHMOND, THE AMERICAN INTERNATIONAL
UNIVERSITY IN LONDON, INC.,

           Defendant.

13 CV _____

Complaint

Class Action

Jury Demanded

**13 CV 4564**

JUDGE SEIBEL

## COMPLAINT

Plaintiff Bais Yaakov of Spring Valley, on behalf of itself and all others similarly situated, allege as follows:

### INTRODUCTION

1. Bais Yaakov of Spring Valley ("Plaintiff") bring this action against Richmond, The American International University in London, Inc. ( "Defendant") for violating the Telephone Consumer Protection Act, 47 U.S.C. § 227 (the "TCPA") and N.Y. General Business Law ("GBL") § 396-aa. Congress enacted the TCPA in 1991 to prevent the faxing of unsolicited advertisements to persons who had not provided express invitation or permission to receive such faxes. In addition, the TCPA and regulations promulgated pursuant to it prohibit the sending of unsolicited as well as solicited fax advertisements that do not contain properly worded opt-out notices. The New York legislature enacted GBL § 396-aa for similar purposes.

2. Upon information and belief, Defendant has caused to be sent out over five thousand (5,000) unsolicited and solicited fax advertisements for goods and/or

services without proper opt-out notices to persons throughout the United States within the applicable limitations period, which is four years. As a result, Defendant is liable to Plaintiff and the proposed Classes A and B of similarly situated persons under the TCPA.

3. Upon information and belief, Defendant has caused to be sent out thousands of fax advertisements for goods and/or services that were unsolicited and lacked proper opt-out notices to persons throughout New York state within the applicable limitations period for GBL §396-aa, which is three years. As a result, Defendant is liable to Plaintiff and the proposed Class C of similarly situated persons under GBL § 396-aa.

## JURISDICTION AND VENUE

4. This Court has federal question jurisdiction over this action pursuant to 28 U.S.C. § 1331 and 47 U.S.C. § 227.

5. Venue is proper in this judicial district under 28 U.S.C. § 1391(b)(2) because this is the judicial district in which a substantial part of the events or omissions giving rise to the claims in this case occurred. This Court also has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over Plaintiff's and one of the Classes' claims under GBL § 396-aa.

## THE PARTIES

6. Plaintiff is a New York religious corporation, with its principal place of business at 11 Smolley Drive, Monsey, New York 10952.

7. Upon information and belief, defendant is a Delaware Corporation.

### DEFENDANT'S ILLEGAL JUNK FAXES

8.  At all times relevant to this action, Plaintiff had telephone service at 845-356-3132 at its place of business at 11 Smolley Drive, Monsey, New York 10952. Plaintiff receives facsimile transmissions at this number, using a telephone facsimile machine.

9.  On or about November 27, 2012, Defendant, without Plaintiff's express invitation or permission, arranged for and/or caused a telephone facsimile machine, computer, or other device to send an unsolicited a fax advertisement (the "Fax Advertisement") advertising the commercial availability or quality of any property, goods, or services, to Plaintiff's fax machine located at 11 Smolley Drive, Monsey, New York 10952. A copy of the Fax Advertisement is attached as Exhibit A and incorporated into this Complaint.

10. Upon information and belief, Defendant either negligently or willfully and/or knowingly arranged for and/or caused the Fax Advertisement to be sent to Plaintiff's fax machine.

11. Plaintiff did not provide Defendants with express invitation or permission to send any Fax Advertisement. The Fax Advertisement was wholly unsolicited. The Fax Advertisement also does not contain any opt-out notice. The Fax Advertisement violates the TCPA and regulations thereunder. The Fax Advertisement also violates GBL § 396-aa.

12. Upon information and belief, Defendant has, from four years prior to the date of the filing of the Complaint in this action through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over five thousand (5,000) *unsolicited and/or solicited* fax advertisements advertising the commercial

3

availability or quality of any property, goods, or services, to fax machines and/or computers belonging to thousands of persons all over the United States. Upon information and belief, those fax advertisements did not contain any opt-out notice.

13. Upon information and belief, Defendant has, from four years prior to the date of the filing of the Complaint in this action through the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent well over five thousand (5,000) *unsolicited* fax advertisements advertising the commercial availability or quality of any property, goods, or services, to fax machines and/or computers belonging to thousands of persons throughout the United States. Upon information and belief, those facsimile advertisements did not contain any opt-out notice.

14. Upon information and belief, Defendant has, from three years prior to the filing of the Complaint in this action to the present, either negligently or willfully and/or knowingly sent and/or arranged to be sent thousands of *unsolicited* fax advertisements advertising the commercial availability or quality of any property, goods, or services, to fax machines and/or computers belonging to thousands of persons in New York. Upon information and belief, those facsimile advertisements did not contain any opt-out notice.

## CLASS ALLEGATIONS

15. Plaintiff brings this class action on behalf of itself and all others similarly situated under rules 23(a) and 23(b)(1)-(3) of the Federal Rules of Civil Procedure.

16. Plaintiff seeks to represent three classes (the "Classes") of persons, each defined as follows:

> Class A: All persons from four years prior to the date of the filing of the Complaint through the present to whom Defendant sent or caused to be sent at least one *solicited or unsolicited* facsimile advertisement advertising the

commercial availability or quality of any property, goods, or services that lacked an opt-out notice.

Class B: All persons from four years prior to the date of the filing of the Complaint through the present to whom Defendant sent or caused to be sent at least one *unsolicited* facsimile advertisement advertising the commercial availability or quality of any property, goods, or services that lacked an opt-out notice.

Class C: All persons in the State of New York to whom, from three years prior to the date of the filing of the Complaint to the present, Defendant sent or caused to be sent at least one facsimile advertisement without having obtained express invitation or permission to do so and/or that lacked an opt-out notice.

17. Numerosity: The Classes are so numerous that joinder of all individual members in one action would be impracticable. The disposition of the individual claims of the respective class members through this class action will benefit the parties and this Court. Upon information and belief, there are, at a minimum, thousands of class members of Classes A, B and C. Upon information and belief, the Classes' sizes and the identities of the individual members thereof are ascertainable through Defendant's records, including Defendant's fax and marketing records.

18. Members of the Classes may be notified of the pendency of this action by techniques and forms commonly used in class actions, such as by published notice, e-mail notice, website notice, fax notice, first class mail, or combinations thereof, or by other methods suitable to the Classes and deemed necessary and/or appropriate by the Court.

19. Typicality: Plaintiff's claims are typical of the claims of the members of

Class A because the claims of Plaintiff and members of Class A are based on the same legal theories and arise from the same unlawful conduct. Among other things, Plaintiff and members of Class A were sent or caused to be sent by Defendant at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that lacked an opt-out notice.

20. Plaintiff's claims are typical of the claims of the members of Class B because the claims of Plaintiff and members of Class B are based on the same legal theories and arise from the same unlawful conduct. Among other things, Plaintiff and members of Class B were sent or caused to be sent by Defendant, without Plaintiff's or the Class B members' express permission or invitation, at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that lacked an opt-out notice.

21. Plaintiff's claims are typical of the claims of the members of Class C because the claims of Plaintiff and members of Class C are based on the same legal theories and arise from the same unlawful conduct. Among other things, Plaintiff and members of Class C were sent or caused to be sent by Defendant, without Plaintiff's or the Class C members' express permission or invitation, at least one fax advertisement advertising the commercial availability or quality of any property, goods, or services that lacked an opt-out notice.

22. <u>Common Questions of Fact and Law</u>:  There is a well-defined community of common questions of fact and law affecting the Plaintiff and members of the Classes.

23. The questions of fact and law common to Plaintiff and Class A predominate over questions that may affect individual members, and include:

(a) Whether Defendant's sending and/or causing to be sent to Plaintiff and the members of Class A, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods or services that lacked opt-out notices violated 47 U.S.C. § 227(b) and the regulations thereunder;

(b) Whether Defendant's sending and/or causing to be sent such fax advertisements was knowing or willful;

(c) Whether Plaintiff and the members of Class A are entitled to statutory damages, triple damages and costs for Defendant's conduct; and

(d) Whether Plaintiff and members of Class A are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

24. The questions of fact and law common to Plaintiff and Class B predominate over questions that may affect individual members, and include:

(a) Whether Defendant's sending and/or causing to be sent to Plaintiff and the members of Class B, without Plaintiff's or the Class B members' express invitation or permission, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods, or services that lacked opt-out notices violated 47 U.S.C. § 227(b) and the regulations thereunder;

(b) Whether Defendant's sending and/or causing to be sent to Plaintiff and the members of Class B such unsolicited fax advertisements was knowing or willful;

(c) Whether Plaintiff and the members of Class B are entitled to statutory damages, triple damages and costs for Defendant's conduct; and

(d) Whether Plaintiff and members of Class B are entitled to a permanent injunction enjoining Defendant from continuing to engage in its unlawful conduct.

25. The questions of fact and law common to Plaintiff and Class C predominate over questions that may affect individual members, and include:

(a) Whether Defendant's sending and/or causing to be sent to Plaintiff and the members of Class C, without Plaintiff's and Class C's express invitation or permission, by facsimile, computer or other device, fax advertisements advertising the commercial availability or quality of any property, goods, or services, violated GBL § 396-aa; and

(b) Whether Plaintiff and the members of Class C are entitled to statutory damages for Defendant's conduct

26. <u>Adequacy of Representation</u>: Plaintiff is an adequate representatives of the Classes because its interests do not conflict with the interests of the members of the Classes. Plaintiff will fairly, adequately and vigorously represent and protect the interests of the members of the Classes, and has no interests antagonistic to the members of the Classes. Plaintiff has retained counsel who are competent and experienced in litigation in the federal courts, class action litigation, and TCPA cases.

27. <u>Superiority</u>: A class action is superior to other available means for the fair and efficient adjudication of the Classes' claims. While the aggregate damages that may be awarded to the members of the Classes are likely to be substantial, the damages suffered by individual members of the Classes are relatively small. The expense and

burden of individual litigation makes it economically infeasible and procedurally impracticable for each member of the Classes to individually seek redress for the wrongs done to them. The likelihood of the individual Class members' prosecuting separate claims is remote. Plaintiff is unaware of any other litigation concerning this controversy already commenced against Defendant by any member of the Classes.

28. Individualized litigation also would present the potential for varying, inconsistent or contradictory judgments, and would increase the delay and expense to all parties and the court system resulting from multiple trials of the same factual issues. The conduct of this matter as a class action presents fewer management difficulties, conserves the resources of the parties and the court system, and would protect the rights of each member of the Classes. Plaintiff knows of no difficulty to be encountered in the management of this action that would preclude its maintenance as a class action.

29. Injunctive Relief: Defendant has acted on grounds generally applicable to the members of Classes A and B, thereby making appropriate final injunctive relief with respect to Classes A and B.

## FIRST CLAIM FOR VIOLATION OF THE TCPA

30. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-29.

31. By the conduct described above, Defendant committed more than five thousand (5,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class A, to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiff and the members of Class A were either (a) unsolicited and did not contain a notice satisfying the requirements of the TCPA and regulations thereunder, or (b) solicited and did not contain a notice satisfying the requirements of the TCPA and

regulations thereunder.

32. Plaintiff and the members of Class A are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than two million, five hundred thousand dollars ($2,500,000).

33. If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent fax advertisements that did not contain a notice meeting the requirements of the TCPA and regulations thereunder to Plaintiff and the members of Class A, Plaintiff requests that the Court increase the damage award against Defendant to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3).

## SECOND CLAIM FOR VIOLATION OF THE TCPA

34. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-29.

35. By the conduct described above, Defendant committed more than five thousand (5,000) violations of 47 U.S.C. § 227(b) against Plaintiff and the members of Class B, to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiff and the members of Class B were unsolicited and did not contain notices satisfying the requirements of the TCPA and regulations thereunder.

36. Plaintiff and the members of Class B are entitled to statutory damages under 47 U.S.C. § 227(b) in an amount greater than two million, five hundred thousand dollars ($2,500,000).

37. If it is found that Defendant willfully and/or knowingly sent and/or caused to be sent unsolicited fax advertisements that did not contain a notice satisfying the requirements of the TCPA and regulations thereunder to Plaintiff and the members of

Class B, Plaintiff requests that the Court increase the damage award against Defendant to three times the amount available under 47 U.S.C. § 227(b)(3)(B), as authorized by 47 U.S.C. § 227(b)(3).

### THIRD CLAIM FOR INJUNCTIVE RELIEF

38. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-29.

39. Defendant committed thousands of violations of 47 U.S.C. § 227(b).

40. Under 47 U.S.C. § 227(b)(3)(A), Plaintiff and the members of Classes A and B are entitled to an injunction against Defendant, prohibiting Defendant from committing further violations of the TCPA and regulations thereunder.

### FOURTH CLAIM FOR VIOLATION OF GBL § 396-aa

41. Plaintiff repeats and realleges each and every allegation contained in paragraphs 1-29.

42. By the conduct described above, Defendant committed numerous violations of GBL § 396-aa against Plaintiff and the members of Class C, to wit: the fax advertisements Defendant sent and/or caused to be sent to Plaintiff and the members of Class C were unsolicited and/or did not contain notices satisfying the requirements of GBL § 396-aa.

43. Pursuant to GBL § 396-aa, Plaintiff and the members of Class C are entitled to statutory damages in an amount to be determined at trial.

### REQUEST FOR RELIEF

WHEREFORE, Plaintiff, on behalf of itself and the members of the Classes, requests:

A. An order certifying the Classes, appointing Plaintiff as the representative of the Classes, and appointing the lawyers and law firms representing Plaintiff as counsel for the Classes;

B. an award to Plaintiff and the members of Classes A and B of statutory damages in excess of $2,500,000 for each of Classes A and B, pursuant to 47 U.S.C. § 227(b), for Defendant's violations of that statute and the regulations promulgated thereunder;

C. if it is found that Defendant willfully and/or knowingly sent and/or caused to be sent such fax advertisements to classes A and/or B, an award of three times the amount of damages described in the previous paragraph, as authorized by 47 U.S.C. § 227(b)(3);

D. an injunction against Defendant prohibiting it from committing further violations of the TCPA and regulations described above;

E. an award to Plaintiff and the members of Class C of statutory damages of $100 per violation of GBL § 396-aa in an aggregate amount to be determined at trial; and

F. such further relief as the Court deems just and proper.

### JURY DEMAND

Plaintiff demands a trial by jury.

Dated: White Plains, New York
July 1, 2013

**BAIS YAAKOV OF SPRING VALLEY ON BEHALF OF ITSELF AND ALL OTHERS SIMILARLY SITUATED**

By: _____
Aytan Y. Bellin
Bellin & Associates LLC
85 Miles Avenue
White Plains, NY 10606
(914) 358-5345
Fax: (212) 571-0284
aytan.bellin@bellinlaw.com

Roger Furman, Esq.
7485 Henefer Avenue
Los Angeles, CA 90045
(310) 568-0640
Fax: (310) 694-9083
roger.furman@yahoo.com

**EXHIBIT A**



# Are your students interested in an International College Education?

Richmond, the American International University in London is holding a free information session on their undergraduate degree programs at The American Institute For Foreign Study (AIFS) in Stamford, CT.

RICHMOND
THE AMERICAN INTERNATIONAL
UNIVERSITY
IN LONDON

---

*"When one is tired of London, one is tired of life; for there is in London all that life can afford."* — Samuel Johnson

## Interested students, families and counselors can join us for a Richmond Info Session:

Tuesday, December 11, 2012
5:00 p.m. – 7:00 p.m.

at the American Institute For Foreign Study (AIFS)
River Plaza, 9 West Broad Street, 7th Floor
Stamford, CT 06902

A Richmond Representative will be available to discuss the application process, scholarships and undergraduate programs.

## Students should RSVP by December 6, 2012 to reserve their spot

*Kelley Quigley*
617.450.5617
usadmissions@richmond.ac.uk

If you are interested in having an info session at your school please contact:

*Kelley Quigley* at 617.450.5617

---

### Richmond, the American International University in London

Richmond is a private independent American university accredited in the United States by the Commission on Higher Education of the Middle States Association of Colleges and Schools. Richmond is also accredited in the UK by the British Accreditation Council for Independent Further and Higher Education.

Richmond's academic program, which encompasses business, communications, international relations, journalism and the arts, reflects the American tradition of broad-based core studies. Living and studying together, our students from over 100 countries are ready for a world where the ability to communicate effectively across national and cultural boundaries is as valuable as traditional academic achievement. A Richmond education offers a global perspective. It examines the patterns of similarities and differences between cultures and provides students with an intercultural focus.

For additional information on Richmond, visit us online at www.richmond.ac.uk. If you have questions regarding this form or Richmond, the American International University in London, please contact: Nick Atkinson, *Director of U.S. Admissions* at (617) 450-5617.