IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| BAIS YAAKOV OF SPRING VALLEY, on behalf of itself and all others similarly situated,<br><br>Plaintiff,<br><br>-v.-<br><br>RICHMOND, THE AMERICAN INTERNATIONAL UNIVERSITY IN LONDON, INC., and AMERICAN INSTITUTE FOR FOREIGN STUDY, INC.,<br><br>Defendants. | Civil Action No. 13 CV 4564 (CS)(PED)<br><br>[~~PROPOSED~~] ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, APPROVING AND DIRECTING DISSEMINATION OF NOTICE TO MEMBERS OF SETTLEMENT CLASSES, APPOINTING CLASS ADMINISTRATOR AND CLASS COUNSEL, AND SCHEDULING A FINAL APPROVAL HEARING |

WHEREAS, a putative Amended Class Action Complaint was filed by Plaintiff Bais Yaakov of Spring Valley, captioned *Bais Yaakov of Spring Valley v. Richmond, the American International University in London, Inc. and American Institute for Foreign Study, Inc.*, Civil Action No. 13 CV 4564 (CS)(PED), in the United States District Court for the Southern District of New York (the "Litigation");

WHEREAS, the parties have entered into a Settlement Agreement dated June 30, 2015, in which the parties have agreed upon a settlement of the Litigation, subject to the approval and determination of the Court as to the fairness, reasonableness, and adequacy of the Settlement Agreement, which, if approved, would result in dismissal of the Litigation with prejudice;

NOW, THEREFORE, the Court, having reviewed and considered the Settlement Agreement and accompanying documents, as well as the unopposed Motion for Preliminary Approval of the Class Action Settlement and supporting papers; and the matter having come before the Court for a Preliminary Approval Hearing on 11/2_____, 2015; and the parties having consented to the entry of this Order; and for good cause shown;



IT IS HEREBY ORDERED AND DECREED as follows (all capitalized terms being defined in the Settlement Agreement unless otherwise defined herein):

1. This Court has subject matter jurisdiction over this class action lawsuit, the settling parties, and all the proposed Settlement Classes.

2. The Court preliminarily finds that the Settlement Agreement is the product of serious, informed, non-collusive negotiations conducted at arms' length by the parties. In making this preliminary finding, the Court considered the nature of the claims, the amounts and kinds of benefits paid in the settlement, the allocation of settlement proceeds among the Settlement Classes, and the fact that the Settlement Agreement represents a compromise of the parties' respective positions rather than the result of a finding of liability at trial.

3. Subject to further consideration by the Court, the Court preliminarily approves the Settlement Agreement as fair, reasonable, and adequate to the Settlement Classes, and is sufficient to warrant sending notice to the Settlement Classes.

4. The Court, therefore, preliminarily certifies this class action for settlement purposes only pursuant to Federal Rules of Civil Procedure 23(a), 23(b)(3), and 23(c)(2). The two Settlement Classes are defined as:

> a. All persons and entities to whom defendant Richmond caused "Fax Advertisements" (defined to include "facsimile advertisements" as that term is used in the TCPA, faxes concerning Richmond college fairs, faxes concerning Richmond information sessions, and documents produced by AIFS bearing Bates-Stamp numbers AIFS3560-63) to be sent from July 1, 2009 through July 1, 2013; and

   b. All persons and entities to whom Defendant American Institute for Foreign Study, Inc. ("AIFS") caused Fax Advertisements to be sent from August 22, 2010 through August 22, 2014.

5. Aytan Y. Bellin, Esq. and Roger Furman, Esq. are hereby appointed counsel for the Settlement Classes, *i.e.*, "Class Counsel."

6. Bais Yaakov of Spring Valley is hereby appointed as representative of the Settlement Classes, *i.e.*, "Class Representative."

7. Pursuant to the Settlement Agreement, as well as this Court's independent determination, The Garden City Group, LLC is hereby appointed as Class Administrator to administer the settlement in good faith in accordance with the Settlement Agreement and related Court Orders.

8. Within 21 days after the date of this Order, Defendants shall file with the Court proof that the Class Administrator has disseminated notice to all necessary recipients in compliance with the Class Action Fairness Act of 2005, 28 U.S.C. § 1715(b).

9. The class notice methodology described in paragraph 8 of the Settlement Agreement is hereby approved as it (i) is the best practicable notice, (ii) is reasonably calculated, under the circumstances, to apprise the Settlement Classes of the pendency of the Litigation and of their right to object or exclude themselves from the proposed settlement, (iii) is reasonable and constitutes due, adequate, and sufficient notice to all persons entitled to receive notice, and (iv) meets all applicable requirements of law, including, but not limited to, Federal Rule of Civil Procedure 23(c) and the Due Process Clause of the Fourteenth Amendment of the United States Constitution.

10. Within twenty-one (21) days after the date of this Order, the Class Administrator shall provide, the Short-Form Notice of the settlement to the Settlement Classes, substantially in the form of Exhibit A to the Settlement Agreement, in accordance with paragraph 8 of the Settlement Agreement.

11. Notice of the settlement shall be published on a website to be created, maintained, and established by the Class Administrator. The Settlement Classes will be able to download from the website and print copies of the Settlement Agreement, Claim Form (attached as Exhibit B to the Settlement Agreement) and Long-Form Notice (attached as Exhibit C to the Settlement Agreement). The website will also include the name, telephone number, and address of the Class Administrator.

12. All Claim Forms (and credible supporting evidence) submitted by members of the Settlement Classes must be either (i) submitted online as directed by the Class Administrator in its website, and within 45 days after the date of the Short-Form Notice, or (ii) sent by first class mail to the address provided by the Class Administrator, and must either be postmarked by the deadline set forth on the Short-Form Notice, which shall be 45 days after the date of the Short-Form Notice, or be received by the Class Administrator no later than 55 days after the date of the Short-Form Notice.

13. Any member of the Settlement Classes may elect to be excluded from the Settlement Agreement by sending a letter to the Class Administrator, postmarked within 45 days after the date on the Short-Form Notice, indicating that the member of the Settlement Classes opts out of the Settlement Agreement.

14. Any member of the Settlement Classes who elects to be excluded shall not be entitled to receive any benefits of the Settlement Agreement, shall not be bound by the release of

any claims pursuant to the Settlement Agreement, and shall not be entitled to object to the Settlement Agreement.

16. Any member of the Settlement Classes who does not timely submit a proper opt-out request by the deadline set forth above or otherwise comply with the agreed-upon opt-out procedure, shall be bound by the settlement of this Litigation, all proceedings, orders, and judgments in this Litigation, even if such member previously initiated or subsequently initiates individual litigation against Defendants or other proceedings encompassed by the releases in the Settlement Agreement.

16. Each member of the Settlement Classes who wishes to object to the Settlement Agreement, the proposed award of attorneys' fees and expenses, or to the incentive award to the Class Representative shall file a letter, postmarked within 45 days after the date on the Short-From Notice, providing the member's name, address, telephone number, the case number "7:13 CV 4564 (CS)(PED)" and the nature and reason(s) for the objection, pursuant to paragraph 9(b) of the Settlement Agreement.

17. Any member of the Settlement Classes who does not file an objection in the time and manner provided shall be deemed to have waived such objection and forever shall be foreclosed from making any objection to the fairness or adequacy of the proposed settlement as incorporated into the Settlement Agreement, the payment of attorneys' fees and expenses, or the Final Approval Order and Judgment.

18. Any attorney hired by a member of the Settlement Classes, at the member's expense, for the purpose of objecting to the Settlement Agreement, proposed attorneys' fees and expenses, the Class Administrator's proposed fees and expenses, and/or the proposed incentive

award shall file with the Clerk of Court, and provide to counsel for the proposed Settlement Classes and Defendants, a notice of appearance.

19. The Settlement Agreement shall not be construed as evidence of an admission by any party of fault or of liability, except in an action brought to enforce the terms of the Settlement Agreement.

20. Not later than twenty-one (21) days prior to the Fairness Hearing, the Class Administrator shall serve on Class Counsel and Defendants' counsel an affidavit (to be electronically filed by Class Counsel) stating that the Short-Form Notices have been issued and disseminated in accordance with the Settlement Agreement and Preliminary Approval Order.

21. The Court may waive any of the time limits set forth herein for good cause shown.

22. The Final Approval Hearing or "Fairness Hearing" shall be held on 2/10/15 , 2016, at 10 am/pm, at the United States District Court for the Southern District of New York, in the Courtroom of the Honorable Cathy Seibel, U.S.D.J., The Hon. Charles L. Brieant Jr. Federal Building & U.S. Courthouse, 300 Quarropas Street, White Plains, New York 10601, to consider whether the Settlement Classes meet the requirements for final certification under Federal Rules of Civil Procedure 23(a), (b)(3), (c)(2) and the United States Constitution, to evaluate the fairness, reasonableness, and adequacy of the proposed settlement and whether it should be finally approved by the Court pursuant to Federal Rule of Civil Procedure 23(e), and whether the following should be approved: (a) any incentive award to the Class Representative; (b) an award of fees and expenses to Class Counsel; and (c) the fees and expenses of the Class Adminstrator.

23. All members of the Settlement Classes are preliminarily enjoined, pending final certification and approval of the proposed settlement, from (a) filing, commencing, prosecuting, intervening in, or participating as plaintiff, claimant, or class member in any other lawsuit or administrative, regulatory, arbitration, or other proceeding in any jurisdiction, against the Defendants, based on, relating to, or arising out of the claims and causes of action, or the facts and circumstances relating thereto, in this Litigation; and (b) attempting to effect the opt out of any members of the Settlement Classes.

24. Either jointly or separately, Class Counsel and Defendant(s)' counsel may file a brief in support of the Settlement Agreement prior to the Fairness Hearing. Any submission must be filed no later than seven (7) days prior to the Fairness Hearing.

SO ORDERED.

_Cathy Seibel 11/3/15_
Hon. Cathy Seibel, U.S.D.J.