UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:
DATE FILED: 3/7/2016

BAIS YAAKOV OF SPRING VALLEY, on behalf of itself and all others similarly situated,

Plaintiff,

-vs.-

RICHMOND, THE AMERICAN INTERNATIONAL UNIVERSITY IN LONDON, INC., and AMERICAN INSTITUTE FOR FOREIGN STUDY, INC.,

Defendants.

Case No. 13 CV 4564 (CS)(PED)

PROPOSED ORDER AND FINAL JUDGMENT

The Motion for Final Approval of Class Settlement, Incentive Award and Attorneys' Fees and Costs filed by plaintiff Bais Yaakov of Spring Valley ("Plaintiff") came on for hearing before the Court, the Honorable Cathy Seibel presiding, on February 10, 2016. Pursuant to the parties' Settlement Agreement (docket no. 130-1), defendants Richmond, The American International University in London, Inc. ("Richmond") and American Institute for Foreign Study, Inc. ("AIFS") (collectively, "Defendants") did not oppose Plaintiff's motion. Having reviewed the motion papers and having held a hearing on the motion, it is hereby **ORDERED, DECREED AND ADJUDGED** that:

1. The Court has jurisdiction over the subject matter of this litigation, and over the parties to the Settlement Agreement relating to this litigation, including Plaintiff, all other members of the settlement classes covered by the Settlement Agreement, and Defendants.

2. The Court grants final approval to the parties' Settlement Agreement as fair, reasonable and adequate in compliance with Fed. R. Civ. P. 23(e). The Court directs the parties in this action to perform their obligations under the Settlement Agreement.

31L0443

3. Pursuant to the Settlement Agreement, the two settlement classes in this action are as follows (a) "all persons and entities to whom defendant Richmond caused 'Fax Advertisements' (defined to include 'facsimile advertisements' as that term is used in the TCPA, faxes concerning Richmond college fairs, faxes concerning Richmond information sessions, and documents produced by AIFS bearing Bates-Stamp numbers AIFS3560-63) to be sent from July 1, 2009 through July 1, 2013"; and (b) "all persons and entities to whom Defendant American Institute for foreign Study, Inc. ('AIFS') caused Fax Advertisements to be sent from August 22, 2010 through August 22, 2014."

4. The parties, through the class administrator approved by the Court, Garden City Group, LLC, have attempted to fax and/or send by first class mail notice of the settlement to all settlement class members. A total of six (6) entities — Ascension Priory of Jerome, Idaho, Boothwyn Elementary School of Upper Chichester, Pennsylvania, Catholic Diocese Green Bay, Inc. of Reedsville, Wisconsin, Chichester School District of Upper Chichester, Pennsylvania, St. Michael The Arch Angel of Whitelaw, Wisconsin and Trinity Lutheran Church of Blue Earth, Minnesota — have opted out of the settlement, and therefore are not parties to the Settlement Agreement or this Order and Final Judgment.

5. No later than ~~March 26~~ April 21, 2016 (45 days after the date of this Order and Final Judgment), Defendants shall pay to the class administrator the amount remaining out of the common fund of $6,000,000 that they have not already paid to the class administrator.

6. No later than ~~April 10~~ May 6, 2016 (60 days after the date of this Order and Final Judgment, the class administrator shall mail payments to class members as calculated under paragraphs 12 and 13 of the Settlement Agreement.

7. No later than ~~April 10~~ (May 6), 2016 (60 days after the date of this Order and Final Judgment), the class administrator shall pay the class representative a $10,000.00 incentive award from the common fund.

8. No later than ~~April 10~~ (May 6), 2016 (60 days after the date of this Order and Final Judgment), the class administrator shall pay to Plaintiff's lead counsel, Bellin & Associates, the sum of $900,000.00 for Plaintiffs' counsels' combined attorneys' fees, and the sum of $6,173.36 for costs, for a total of $906,173.36, from the common fund.

9. The total past and anticipated reasonable fees and expenses of the class administrator, the Garden City Group, LLC, for administering this class action is capped at $187,350.59. The class administrator shall be paid this amount from the common fund within 10 days after the class administrator completes its class administration work on this case.

10. The total amount, if any, to be paid the *cy pres* recipient approved by the Court shall be determined as follows: On the 96th day after the date of the latest check sent out by the class administrator pursuant to paragraphs 6 and 7 above, the class administrator shall close the bank account from which the payments described in paragraph 6 and 7 above were written and shall deposit the remaining monies, if any, in a newly opened bank account. The class administrator shall then immediately distribute the finds from the newly opened bank account to the *cy pres* recipient approved by the Court (the Institute for Privacy Protection at) (to be established)

11. The Court hereby approves of Seton Hall Law School as the *cy pres* recipient who shall be entitled to payment, if any, under the terms of paragraph 10 above. Said funds are to be used in accordance with Exhibit A to Doc. 138 on the docket of this case.

12. Promptly after (a) all valid claims, (b) the named Plaintiffs' approved incentive awards, (c) Plaintiffs' counsels' approved attorneys' fees and costs, (d) the *cy pres* award, if any, and (e) the class administrator's fees and expenses are paid in full, Plaintiffs shall so notify the

-3-

Court. At that time, this litigation shall be dismissed with prejudice, and the mutual releases described in the Settlement Agreement shall go into full force and effect as to all persons released. Notwithstanding the foregoing dismissal and releases, the Court shall retain continuing jurisdiction over this action and the parties to it for the purposes of construing, implementing and enforcing the parties' Settlement Agreement and this Order and Final Judgment.

13.     Effective immediately, Defendants are permanently enjoined from advertising by fax in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227.

Dated: ~~February~~ March 3, 2016

_____
United States District Judge

Respectfully submitted by

/s/ Aytan Y. Bellin
AYTAN Y. BELLIN, ESQ.
BELLIN & ASSOCIATES

ROGER FURMAN, ESQ.

Attorneys for Bais Yaakov of Spring Valley and the settlement classes